# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEKIEL CAREY KNOX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00099-AWI-BAK (BAM)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

　　　Plaintiff Ezekiel Carey Knox ("Plaintiff"), a pre-trial detainee proceeding pro se and *in forma pauperis*, initiated this action against the Kern County Superior Court of California and Judge Micheal Bush on January 24, 2022. Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.　　Screening Requirement and Standard**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b);

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Lerdo Pretrial Facility in Bakersfield, California. Plaintiff brings this action against Kern County Superior Court and Judge Micheal Bush.

In his first claim, Plaintiff alleges that he has been unlawfully detained in the Kern County Jail facility to answer for a case that would violate his Second Amendment rights. He seeks dismissal of the charges against him in Case #BF178907A and immediate release.

In his second claim, Plaintiff asserts a violation of his Fourteenth Amendment rights. He alleges that he has been held in jail to answer for charges brought against him in Kern County Superior Court for possession of a firearm, carrying a concealed firearm, and possession of ammunition. Plaintiff claims that the right to keep and bear arms is an inalienable right and the judge has not given him equal protection of the law by requiring that Plaintiff be held in custody and answer to the charges.

In his third claim, Plaintiff asserts a violation of the Sixth Amendment. He alleges that he has requested to be brought before a jury to exercise his right to a speedy trial. Judge Bush

reportedly failed to be attentive to his request and Plaintiff has not been able to confront the witnesses against him.  He also has not been given the opportunity to exercise the right to a speedy and public trial or given adequate assistance of counsel for his defense.  Plaintiff also reports that his bail was revoked even after he provided the court with probable cause as to why he did not make it to court.

Plaintiff claims loss of work and money while in jail and seeks monetary damages.  He also seeks dismissal of the charges against him and release from custody.

### III.   Discussion

#### A.  Abstention

Plaintiff's complaint primarily concerns a pending criminal action in Kern County Superior Court.  The Court finds that abstention is appropriate.  "*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n. 4 (9th Cir. 2004) (citations omitted). *Younger* abstention is required if (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate federal constitutional claims. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Here, the factors requiring *Younger* abstention are present with respect to Plaintiff's claims.  First, based on the language of the complaint, including the request for a speedy trial on the charges, there exists an ongoing state proceeding.   Second, the state court proceeding implicates important state interests in enforcing criminal laws. Third, Plaintiff has not established that he is or will be barred from litigating federal constitutional claims in the state court proceedings. *See Evans v. Carlock*, No. 1:18-cv-00440-DAD- BAM, 2019 WL 79012, at *2 (E.D. Cal. Jan. 2, 2019), report and recommendation adopted, No. 1:18-cv-00440-DAD-BAM, 2019 WL 10351624 (E.D. Cal. Aug. 2, 2019) (finding *Younger* abstention appropriate while plaintiff appealed his state court criminal conviction; proceeding implicated important state interests and provided adequate opportunity to raise federal questions); *see also Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir.1972) (holding, except in the "most unusual circumstances," a

defendant is not entitled to challenge his state prosecution in federal court "until after the jury comes in, judgment has been appealed from and the case concluded in the state courts"). Plaintiff has presented nothing that would suggest that his criminal prosecution in the state court is so unusual that the federal court should intervene. However, even if the Court did not abstain under *Younger*, Plaintiff's complaint would fail for the reasons discussed below.

### B. Improper Defendants

In addition to abstention, the defendants against whom Plaintiff asserts claims are not proper defendants.

#### 1. Kern County Superior Court

Plaintiff cannot state a claim against the Kern County Superior Court because such suits are barred by the Eleventh Amendment. *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment"); *Gonzalez v. Superior Ct. of California*, No. 1:18-cv-00555-BAM (PC), 2019 WL 569275, at *3 (E.D. Cal. Feb. 12, 2019) ("Plaintiff cannot state a claim against the Kern County Superior Court because such suits are barred by the Eleventh Amendment."). This deficiency cannot be cured by amendment.

#### 2. Judicial Immunity

Plaintiff names Kern County Superior Court Judge Bush as a defendant based on judicial rulings in Plaintiff's pending criminal case. However, absolute immunity is generally accorded to judges functioning in their official capacities. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Accordingly, Kern County Superior Court Judge Bush is immune from liability

arising from his judicial rulings. This deficiency cannot be cured by amendment.

### C. Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 2, 2022__            /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE